IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KELLY SUE ANDERSON, )
)
        Plaintiff, )
)
  -vs- ) Civil Action No. 16-47
)
CAROLYN W. COLVIN, )
COMMISSIONER OF SOCIAL SECURITY, )
)
        Defendant. )

AMBROSE, Senior District Judge

## OPINION

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 7 and 9). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 8 and 10). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 7) and granting Defendant's Motion for Summary Judgment. (ECF No. 9).

**I. BACKGROUND**

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her applications for supplemental security income ("SSI") and disability insurance benefits ("BID") pursuant to the Social Security Act ("Act"). Plaintiff filed her applications alleging she had been disabled since April 15, 2012. (ECF No. 5-5, pp. 2, 6). Administrative Law Judge ("ALJ"), David F. Brash, held a hearing on February 26, 2014. (ECF No. 5-2, pp. 46-80). On May 14, 2014, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 5-2, pp. 24-40).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 7 and 9). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the

impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

## B. Residual Functional Capacity[1] ("RFC") [2]

Plaintiff asserts that the ALJ erred in "failing to adequately explain why the medical source opinion of Dr. John M. Brooks, D.O., a treating primary care physician, was not adopted." (ECF No. 8, p. 9). In support thereof, Plaintiff suggests that the ALJ's explanation for rejecting Dr. Brooks' opinion is vague and nonspecific. (ECF No. 8, p. 10). As a result, Plaintiff submits that the case should be reversed or remanded. *Id.,* at p. 11.

The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a

---

[1] RFC refers to the most a claimant can still do despite his limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. § 416.945(a).

[2] The ALJ found Plaintiff has the RFC to perform sedentary work with physical and mental exceptions. (ECF No. 5-2, p. 30).

3

non-examining source. 20 C.F.R. § 416.927(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* § 416.927(c)(2). If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4). In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009).

With regard to the opinion evidence related to Plaintiff's physical limitations, the ALJ gave Plaintiff's treating physician's assessment little weight because it was "largely unsupported by Dr. Brooks' treatment records, which document minimal objective findings and conservative care."

(ECF No. 5-2, p. 38). After a review of the record, I find the reasons given by the ALJ in weighing Dr. Brooks' opinion were sufficiently explained and supported by substantial evidence of record. (ECF No. 5-2, pp. 30-38). For example, throughout his opinion, the ALJ appropriately and thoroughly referenced Plaintiff's medical records and the treatment Plaintiff received. *Id.* As the ALJ noted, Plaintiff was even "cleared to engage in riding horses from an objective orthopedic perspective by April 2013 (Exhibit 10)." (ECF No. 5-2, p. 37, citing No. 5-9, p. 74). Therefore, I find no error in this regard on the part of the ALJ. Consequently, remand is not warranted on this basis.

### C. <u>Unskilled Occupations</u>

Plaintiff also argues that the ALJ erred in relying on the vocational expert's testimony that she could perform the job as a surveillance system monitor (DOT #379.367-010) because such testimony is in conflict with the information contained in the Dictionary of Occupational Titles ("DOT"). (ECF No. 10, pp. 11-14). Specifically, Plaintiff contends that a surveillance system monitor requires a General Educational Development (GED) reasoning level of 3 and that is not compatible with the "unskilled" RFC found by the ALJ. *Id.* Further, Plaintiff argues that the ALJ did not discuss the discrepancy. *Id.* Therefore, Plaintiff submits that remand is required. *Id.*

I turn to SSR 00-4p for guidance on this matter. *See* 2000 WL 1898704. It provides that:

> Occupational evidence provided by a VE or VS generally should be consistent with the occupational information supplied by the DOT. When there is an apparent unresolved conflict between VE or VS evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE or VS evidence to support a determination or decision about whether the claimant is disabled. At the hearings level, as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, as to whether or not there is such consistency. Neither the DOT nor the VE or VS evidence automatically "trumps" when there is a conflict. The adjudicator must resolve the conflict by determining if the explanation given by the VE or VS is reasonable and provides a basis for relying on the VE or VS testimony rather than on the DOT information.

*See* SSR 00-4p, 2000 WL 1898704 (emphasis added). SSR 00-4p also explains that a reasonable explanation for a conflict or apparent conflict, which may provide a basis for relying on

5

the evidence from the vocational expert, rather than the DOT information, exists where "[t]he DOT lists maximum requirements of occupations as generally performed, not the range of requirements of a particular job as it is performed in specific settings. A VE, VS, or other reliable source of occupational information may be able to provide more specific information about jobs or occupations than the DOT." *Id.* The Court of Appeals for the Third Circuit similarly requires an ALJ to address and resolve any material inconsistencies or conflicts between the vocational expert's testimony and the DOT descriptions. *See Boone v. Barnhart*, 353 F.3d 203, 206 (3d. Cir. 2004). Indeed, the failure to do so may necessitate a remand. *Id.*

In this case, Plaintiff equates the General Educational Development (GED) reasoning level with the RFC skill level. (ECF No. 8, pp. 11-14). Plaintiff fails to cite to any regulation, however, that links the GED reasoning level to the skill level. *Id.* Contrary to Plaintiff's position, the skill level of a job corresponds with the DOT's classification of a job's Specific Vocational Preparation (SVP) level, not the GED reasoning level. In fact, SSR 00-04p indicates that "unskilled work corresponds to an SVP of 1-2." 2000 WL 1898704 at *3; *see, Zirnsak v. Colvin,* 777 F.3d 607, 618 (3d Cir. 2014) ("[T]here is no bright-line rule stating whether there is a *per* se conflict between a job that requires level 3 reasoning and a finding that a clamant should be limited to simple and routine work."). A surveillance-system monitor has an SVP of 2. DOT #379.367-101. Thus, as the ALJ stated, VE's testimony is consistent with the DOT since there is no conflict between the unskilled RFC found by the ALJ and the job of a surveillance-system monitor.[3] (ECF No. 5-2, pp. 39-40). Based on the same, I find the ALJ was entitled to rely upon the vocational expert's testimony. SSR 00-04p. Therefore, I find no error in this regard. Consequently, remand is not warranted on this basis.

An appropriate order shall follow.

---

[3] I note that there was one discrepancy found by the ALJ regarding the sit/stand option, which he discussed. (ECF No. 5-2, pp. 39-40). That discrepancy, however, is not relevant to the instant discussion regarding unskilled work.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KELLY SUE ANDERSON, )
)
        Plaintiff, )
)
  -vs- ) Civil Action No. 16-47
)
CAROLYN W. COLVIN, )
COMMISSIONER OF SOCIAL SECURITY, )
)
        Defendant. )

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 26th day of January, 2017, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 7) is denied and Defendant's Motion for Summary Judgment (Docket No. 9) is granted.

        BY THE COURT:

        s/   Donetta W. Ambrose
        Donetta W. Ambrose
        United States Senior District Judge